```
          UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**FRANKLIN LAWRENCE,**

        Plaintiff,

v.                                          Civil Action No. 2:12-cv-2392

**CON-WAY FREIGHT, INC.,**
a Michigan Corporation,

        Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

        Pending is plaintiff Franklin Lawrence's motion for leave to amend his complaint, filed September 14, 2012.  Prior to the filing of this motion seeking leave, Lawrence filed a putative amended complaint on August 24, 2012, which the court for purposes of this motion construes as lodged.  Lacking the ability to amend as of right, and at the behest of defendant Con-way Freight, Inc. ("Con-way"), Lawrence then filed this motion for leave to amend.

        Insomuch as the amendment pertains exclusively to the addition of a request for a jury trial, the court considers Lawrence's motion under the standards of both Rule 15 and Rule 39 of the Federal Rules of Civil Procedure.  For reasons explained

herein, the court finds cause to exercise its discretion to allow Lawrence's amendment and belated jury demand.

## I. Background

Lawrence instituted this age discrimination and hostile work environment action in the Circuit Court of Kanawha County, West Virginia on March 19, 2012. He "inadvertently did not request a jury trial at the end of the Complaint." Pl.'s Mot. Amend 1. Lawrence did, however, select "Yes" for question "III. Jury Demand" on the Civil Case Information Statement, a form that must accompany complaints under West Virginia procedural rules. Not. Remov. Ex. A, at 5; see also W. Va. R. Civ. P. 3(b). Con-way removed the case on June 28, 2012, pursuant to this court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

The parties discussed the jury request issue at the Rule 26(f) planning meeting held August 17, 2012. Def's Opp'n to Pl.'s Mot. Amend 1. At that time, Con-way took the position that Lawrence had waived his right to a jury trial, and Lawrence "reserved the right to file an appropriate motion." R. 26(f) Planning Rep. 3. Rather than filing a separate motion, Lawrence made his jury demand in the August 24, 2012 putative amended complaint, which is the subject of his motion for leave to amend his complaint. Lawrence filed the present motion in response to

2

Con-way's insistence that Lawrence withdraw the amended complaint and first move for leave of the court.  Def's Opp'n to Pl.'s Mot. Amend 2.

The court entered the scheduling order on September 4, 2012, and Lawrence represents that the parties had conducted no discovery as of the September 14, 2012 date he moved to amend his complaint.  Pl.'s Mot. to Amend 1.

## II. The Governing Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a party who can no longer amend a pleading as of right can still amend by obtaining "the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.

Rules 38 and 39 set forth the requirements for a jury demand in federal court.  Rule 38(b) states that a party wishing to demand a jury trial must serve a written demand "no later than 14 days after the last pleading directed to the issue is served."  Fed. R. Civ. P. 38(b)(1).  The defendant's answer was served June 28, 2012.  "A party waives a jury trial unless its demand is properly served and filed."  Fed. R. Civ. P. 38(d).

A party who has so waived a jury trial may turn to Rule 39(b) for relief.  Under Rule 39(b), "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  The resolution of a Rule 39(b) motion is "committed to the discretion of the trial court," as guided by the following four factors:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); and (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

Malbon v. Pennsylvania Millers Mut. Ins. Co., 636 F.2d 936, 940 & n.11 (4th Cir. 1980) (citations omitted).  Some courts also consider the movant's reason for failing to make a timely jury demand.  See e.g., Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Retardation Servs, 925 F.2d 866, 873 (5th Cir. 1991); Kitchen v. Chippewa Valley Sch., 825 F.2d 1004, 1012–13 (6th Cir. 1987).

### III. Discussion

The permissive standards of Rule 15(a)(2) provide no bar to Lawrence's amendment, especially given that the litigation is in its early stages.  The jury demand provisions of Rule 38 and Rule 39 call for somewhat greater scrutiny.  Lawrence did not

properly serve and file his demand as required by Rule 38, so he has waived his right to a jury trial.  Unable to demand a jury trial as of right, Lawrence must turn to Rule 39(b) for relief.

The court finds that the Rule 39(b) factors weigh in favor of allowing Lawrence to amend his complaint to include a jury demand.  First, the issues to be tried in this case - age discrimination and hostile work environment claims - are appropriate for determination by a jury.  Such issues likely hinge on fact-intensive determinations and should not be overly complex for jurors.  See Wallace v. Nationwide Ins. Co., 94 F.R.D. 563, 565 (S.D. W. Va. 1982).  Second, the addition of a jury demand does not prejudice Con-way.  Con-way has had notice of Lawrence's jury demand via Lawrence's selection on the Civil Case Information Statement and the parties' ongoing discussions regarding the issue.  Moreover, only a month has passed since the court entered the scheduling order, and the trial is over nine months away.  See id.  Con-way thus has ample time to prepare for a jury trial.

Third, and for similar reasons, the timing of the motion relative to the case's proceedings counsels for leniency.  The trial is not impending, and Lawrence has represented, without any disagreement by Con-way, that the parties had not begun discovery at the time of the motion.  Fourth, the court finds that limiting

Lawrence to a bench trial provides no clear benefit in judicial economy.  See id. at 566 ("[I]t is this Court's experience that while a jury trial can require more 'in courtroom time' than a bench trial, the latter clearly places a greater burden on this Court's limited time and resources than does the former.").  The four factors squarely favor exercising this court's discretion to grant Lawrence's jury demand.

The court's conclusion is not disturbed by also taking into account Lawrence's reasons for failing to make a timely jury demand.  Con-way asserts that more than "mere inadvertence" is "generally required to justify" the court to allow a jury claim despite non-compliance with Rule 38.  Def's Opp'n to Pl.'s Mot. Amend 2.  Con-way overstates the holdings of the cases it cites.  For example, the relevant passage in McCray does not require "exceptional circumstances," for a court to allow an untimely jury demand under Rule 39(b), as Con-way seems to suggest.  The Fourth Circuit in McCray simply observed that exceptional circumstances would have been necessary to overturn the trial court's Rule 39(b) denial as an abuse of discretion.  McCray v. Burrell, 516 F.2d 357, 371 (1975) ("Of course the district court had discretion to grant the request, in whole or in part, notwithstanding, but we cannot say that there were such exceptional circumstances that the failure to grant the oral motion was an abuse of discretion."

6

(emphasis added) (citation omitted)). While some combination of inadvertence and confusion seems to have accompanied Lawrence's failure to comply with the strictures of Rule 38, he has since acted at an early stage of the case to remedy the lack of a formal jury demand. The interests of justice are better served here by affording the parties a jury trial inasmuch as Lawrence has at all times expressly represented his wish to exercise that right and the defendant would not be prejudiced.

It is, accordingly, ORDERED that Lawrence's motion to amend his complaint be, and it hereby is, granted. The court further ORDERS that the putative Amended Complaint, filed August 24, 2012, be, and it hereby is, construed as having been filed in response to this order.

The Clerk is requested to forward copies of this order to all counsel of record.

ENTER: October 29, 2012

John T. Copenhaver, Jr.
United States District Judge